L. A. PERSONS v. IDA A. PERSONS, Administratrix, Appellant.

**Contract to Buy Timber Claim:**   CONSIDERATION.   A contract by plaintiff to purchase a timber claim of defendant is without consideration, the claim having originally been taken up by S, and defendant not having gone into possession, and S..not having filed a relinquishment, which under Acts of Congress, May 1880 (21 Stat. 140), was the only way he could dispose of his rights in the land.

*Appeal from Pottawattamie District Court.*—HON. WALTER
I. SMITH, Judge.

SATURDAY, DECEMBER 22, 1900.

PLAINTIFF filed a claim against the estate of H. H.
Persons, deceased, in the sum of $703.35. The administra-
trix entered a denial, and set up a counterclaim in favor of
the estate in the sum of $1,109.70. The cause was tried to
a jury, which under the direction of the court, returned a
verdict in favor of plaintiff for the sum of $515.69. From
a judgment allowing the claim in that amount, plaintiff ap-
peals.—*Affirmed.*

*T. W. Craig* and *Smith McPherson* for appellant.

*Edward Mills* and *Benjamin & Preston* for appellee.

WATERMAN, J.—The contest is over a single item of
the counterclaim which was disallowed by order of the trial
court. This was a charge of $600, as the consideration of
a sale by H. H. Persons to plaintiff of a timber claim, so
called, in Dakota. The undisputed evidence shows that the
claim was originally taken up by one E. J. Scott. H. H.
Persons, it is argued, bought of Scott and sold to plaintiff.
There is no evidence, however, that decedent ever procured
any relinquishment to be filed by Scott, or ever went into
possession. It is conceded that the claim has now passed
into the hands of another. The only way Scott could dis-
pose of his rights in the land was by filing a written relin-
quishment. Act Congress, May, 1880 (21 Statutes at Large,
140); *Palmer v. March,* 34 Minn. 127 (24 N. W. Rep.
374). H. H. Persons, then, never had the title to this claim
nor possession thereof. If he had a contract with plaintiff by
which the latter was to purchase, it was wholly without con-
sideration. Counsel for appellant argue that the contract was
for the purchase of the improvements on the land, and not for
the land itself. This is not in accord with the evidence they

introduced. Furthermore, there is no showing that there were any improvements on the land save a few acres of plowing, and it is difficult to see how this could have been transferred distinct from the land.—AFFIRMED.